IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICK CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cv-961 |
| | ) | |
| THE CITY OF GREENSBORO, *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge

In 2016, officers of the Greensboro, North Carolina Police Department arrested Plaintiff, Patrick Clemons, on various drug charges, all of which were ultimately dismissed. (*See* ECF No. 1 ¶¶ 23, 25.) According to Plaintiff, the officers planted drugs and other evidence at his home prior to arresting him. (*See id.* ¶¶ 24, 27.) Plaintiff brings this action against the City of Greensboro ("Greensboro") and various named officers ("the officers") alleging five causes of action, though it is not always clear which Defendants are being sued in what capacity.[1] (ECF No. 1 ¶¶ 42–64.) Plaintiff's first claim is brought pursuant to 42 U.S.C § 1983 (his "§ 1983 claim") and appears to allege that Greensboro and the officers violated Plaintiff's Fourth and Sixth Amendment rights as well as his Fourteenth Amendment rights to due process and equal protection of the laws. (*Id.* ¶¶ 42–51.) Plaintiff's third claim (his

---

[1] Plaintiff was representing himself at the time he filed his Complaint. (*See* ECF No. 1.) He has since retained counsel. (*See* ECF No. 12 at 2–3.)

"negligent failure to train claim"), alleges that Greensboro negligently failed to train its officers.[2] (*Id.* ¶¶ 55–59.) Before the Court is Defendants' Motion to Dismiss several of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9 at 1.) Specifically, Defendants seek to dismiss (1) Plaintiff's § 1983 and negligent failure to train claims to the extent they are brought against Greensboro and the officers in their official capacities and (2) the equal protection portion of Plaintiff's § 1983 claim as against all Defendants. (*Id.*) For the reasons stated below, Defendants' motion will be granted, and these claims will be dismissed without prejudice.

I.     BACKGROUND

According to Plaintiff's Complaint, on the evening of September 22, 2016, Plaintiff held a "get together" at his house to celebrate his birthday and his mother's birthday. (ECF No. 1 ¶ 10.) Around 8:30 p.m., the officers arrived at Plaintiff's home, claiming they had received a complaint of individuals smoking marijuana. (*Id.* ¶¶ 11, 19.) The officers "remove[d] everyone from the home," and searched Plaintiff and others for weapons. (*Id.* ¶ 12.) Multiple officers then entered Plaintiff's home without Plaintiff's presence or consent and without a warrant. (*Id.* ¶¶ 14, 17, 20.)

Eventually, one of the officers, Officer Fisher, left the home, returning at 12:51 a.m. with what Plaintiff characterizes as "a faulty warrant" signed by a magistrate judge. (*Id.* ¶ 21.) Upon the return of Officer Fisher, the officers brought Plaintiff back into his home— apparently for the first time in hours—and seated him handcuffed in a chair. (*Id.* ¶¶ 22.)

---

[2] Plaintiff's second, fourth, and fifth claims sound in negligence against the officers, false imprisonment, and malicious prosecution. (*Id.* ¶¶ 52–54, 60–64.) Defendants' partial motion to dismiss does not address these claims.

2

Another officer, Officer Garrison, then searched the chair in which the officers had placed Plaintiff and "fish[ed] out a bag of marijuana" that Plaintiff alleges the officers planted there. (*Id.*) As the officers continued to search Plaintiff's home, they also found cocaine, money, and a digital scale, all of which Plaintiff alleges they planted. (*See id.* ¶¶ 27–28.) During this encounter, various officers allegedly stated (1) that they should light a joint to strengthen their claim that individuals were smoking marijuana in the house, (2) that they knew Plaintiff did not sell drugs, and (3) that they could "come back and rat f--k [Plaintiff] again." (*Id.* ¶¶ 19, 24, 32.) The officers then arrested Plaintiff on several drug charges. (*Id.* ¶ 23.) While all charges against Plaintiff were ultimately dismissed, Plaintiff claims that his encounter with the officers harmed his reputation and his business and left him depressed, anxious, afraid of being alone, and deeply concerned that he would once again be humiliated by the Greensboro Police Department. (*See id.* ¶¶ 25, 47–49, 51.)

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, "mere conclusory and speculative allegations" are insufficient to withstand dismissal, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or

3

arguments,'" *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

## III. DISCUSSION

The Court will first address Plaintiff's § 1983 and negligent failure to train claims against Greensboro and the officers in their official capacities and then will address Plaintiff's equal protection claim. Because Plaintiff's Complaint fails to allege facts sufficient to make these claims plausible, they must be dismissed.

### A. Claims Against Greensboro

Defendants first argue that Plaintiff's § 1983 and negligent failure to train claims against Greensboro should be dismissed because "Plaintiff does not make *any* factual allegations against . . . Greensboro in [his] Complaint." (ECF No. 10 at 4.) The Court agrees.

"[A] municipality is subject to Section 1983 liability only when its 'policy or custom . . . inflicts the plaintiff's injury.'" *Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 470 (4th Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, (1978)). Such a "policy or custom" can give rise to municipal liability in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Oliver v. Baity*, 208 F. Supp. 3d 681, 689 (M.D.N.C. 2016) (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)).

Plaintiff has not plausibly alleged a claim with respect to any of these four theories of municipal liability. Though Plaintiff's Complaint includes many factual allegations regarding

4

the officers' conduct, Plaintiff's § 1983 claim against Greensboro consists of four conclusory statements unsupported by factual allegations. (*See* ECF No. 1 ¶¶ 43–46.) Plaintiff states:

> [Greensboro], upon information and belief, permitted and tolerated a pattern and practice of unreasonable use of force and intimidation, punishment and deprivation of Constitutional guarantees by its police officers.
>
> [Greensboro], through its policy-makers, engaged in hiring policies that put into place officers that were not properly trained. If proper hiring policies had been in effect, the police department would not have hired the employees that violated Plaintiff's rights.
>
> [Greensboro] failed to properly train its officers thereby demonstrating the deliberate indifference of its policy makers to the conduct that resulted in the violation of the Plaintiff's rights.
>
> [Greensboro] maintained a system of review of police conduct through its departments that is so cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force, planting of evidence, abusive practices, punishment and denial of constitutional rights by police officers.

(*Id.*) As a court in our District recently explained in *White v. City of Greensboro*, such conclusions of law are not assumed to be true on a motion to dismiss and, without further factual support, fail to state a plausible *Monell* claim for municipal liability. 408 F. Supp. 3d 677, 691–92 (M.D.N.C. 2019) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)). Because Plaintiff has not provided any further factual support for his § 1983 claim against Greensboro, Plaintiff's § 1983 claims against the city will be dismissed.

Plaintiff's third claim for relief, his negligent failure to train claim, suffers from the same flaw. (*See* ECF No. 1 ¶¶ 55–59.) Plaintiff argues that Greensboro owed him a duty to train its officers, that Greensboro breached that duty, and that the breach harmed him. (*See id.*) Plaintiff's Complaint, however, contains no factual allegations supporting these conclusory statements. He does not, for instance, detail how Greensboro trains law-

5

enforcement officers or plead facts describing how that training is deficient. Ultimately, his claim consists of the kind of "[t]hreadbare recital[ ] of the elements of a cause of action" that fails to state a plausible claim for relief under *Iqbal*. *See* 556 U.S. at 678–79. Accordingly, Plaintiff's negligent failure to train claim must also be dismissed.

### B. Claims Against the Officers in Their Official Capacities

Defendants have also moved to dismiss Plaintiff's § 1983 claims against the officers in their official capacities, to the extent that Plaintiff seeks to make such claims. (*See* ECF No. 9 at 1.) Plaintiff, who was representing himself at the time he filed his Complaint, captioned his Complaint as bringing claims against the officers in their official and individual capacities. (ECF No. 1 at 1.) He did not, however, clearly delineate his claims, making it unclear which claims have been brought against which defendants in what capacity. To the extent Plaintiff seeks to sue the officers in their official capacities for violating his constitutional rights, his claims fail. "[S]uits against governmental officers in their official capacity are treated as suits against the government." *White,* 408 F. Supp. at 692 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, any claims against the officers in their official capacities for any § 1983 violations are duplicative of the claims against Greensboro dismissed above, and must likewise be dismissed. *See id.*

### C. Plaintiff's Equal Protection Claim Against All Defendants

Plaintiff's first claim for relief also alleges that Defendants violated Plaintiff's "right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States." (ECF No. 1 ¶ 50(c).) Defendants move to dismiss this claim, arguing

6

once more that Plaintiff failed to allege facts sufficient to render his equal protection claim plausible. (ECF No. 10 at 11–12.)

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege facts sufficient to show that he has been treated differently from others with whom he is similarly situated, and the unequal treatment resulted from intentional or purposeful discrimination." *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013). Plaintiff's Complaint, which does not mention his race or otherwise discuss any kind of discrimination, fails to meet this standard. In his response brief (where Plaintiff reveals for the first time that he is African American), Plaintiff identifies one factual allegation in his Complaint that he argues states a plausible claim of racial discrimination: an officer said, "we can come back and rat f--k him again." (*See* ECF Nos. 1 ¶ 32; 13 at 10–11.) According to Plaintiff, this statement shows racial discrimination because "rats are not white, they are colored." (ECF No. 13 at 10–11.) Even granting Plaintiff's questionable premise, this fact alone does not nudge Plaintiff's Complaint across the line separating the speculative from the plausible. *See Twombly*, 550 U.S. at 570. Accordingly, Plaintiff's equal protection claim is dismissed.

### D. Dismissal Without Prejudice

Perhaps recognizing the weakness of the portions of his Complaint discussed above, Plaintiff concluded his response brief with a request that any dismissal be without prejudice so that he can amend his complaint with the assistance of counsel. (*See* ECF No. 13 at 12.) Mindful of this Circuit's laudable tradition of liberally construing the pleadings of *pro se* litigants in civil rights cases, *see Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009), and of the liberal

7

approach to amendment of complaints embraced by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 15(a), the Court will dismiss these claims without prejudice. Plaintiff and his counsel are cautioned that any attempt to amend Plaintiff's Complaint should be supported by concrete factual allegations and not conclusory statements.

For the reasons stated above, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss, (ECF No. 9), is GRANTED WITHOUT PREJUDICE as to the following claims: (1) Plaintiff's § 1983 claims against Greensboro and the officers in their official capacities; (2) Plaintiff's negligent failure to train claim; (3) Plaintiff's equal protection claim.

IT IS FURTHER ORDERED that should Plaintiff seek leave of the Court to file an amended complaint, such request shall be made within fourteen days of entry of this Order and must include a copy of Plaintiff's proposed amended complaint.

This, the 2nd day of June 2020.

/s/Loretta C. Biggs
United States District Judge